IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER LEES,

      Plaintiff,                         No. CIV S-08-0196 LKK KJM P

     vs.

T. FELKER, et al.,

      Defendants.               ORDER

                                 /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. He has filed a number of motions, which are pending before the court.

I. <u>Motion For Reconsideration</u> (Docket No. 57)

        On January 27, 2009, the Clerk of the Court declined to enter a default judgment because plaintiff had not presented anything showing when defendant Weeks was served. On February 20, 2009, Weeks filed an answer. On March 20, 2009, plaintiff filed a request for reconsideration of that determination. The request is untimely under Local Rule 72-303(b). Moreover, plaintiff provides nothing suggesting that the Clerk's action was erroneous; instead, he simply asks the court to reconsider the Clerk's action. Given defendant Weeks' answer, it would be improper to do so. <u>Direct Mail Specialists, Inc. v. Eclat</u>, 840 F.2d 685, 689 (9th Cir. 1988).

II. Motions for Additional Time To Conduct Discovery (Docket Nos. 46 & 60)

Plaintiff has filed two motions to extend the time in which to conduct discovery. The first is not supported by any showing, much less a showing of good cause; the second is supported by plaintiff's claim that an institutional lockdown has prevented him from making copies at the law library.

However, on February 20, 2009, defendants filed a motion to dismiss for failure to exhaust administrative remedies. Because resolution of that motion in defendants' favor would obviate the need for discovery, the court will deny plaintiff's motions without prejudice.

III. Motion For Leave To Take Oral Depositions (Docket No. 43)

Plaintiff seeks leave to take depositions of defendants Speers, Passwater, Priolo, Bortle, Audette, Brewer, Norman, Weeks and Kirkland, and to take telephonic depositions of thirteen inmate witnesses. Until the resolution of defendants' motion to dismiss, however, the court will not entertain any motions relating to discovery.

IV. Other Matters

Plaintiff has filed objections to the defendants' answer. See Docket No. 62. However, the Federal Rules of Civil Procedure provide as follows, in pertinent part:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.</u>

Fed. R. Civ. P. 7(a) (emphasis added). The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order. The objections will be stricken.

In addition, plaintiff has filed two oppositions to defendants' motion to dismiss. Docket Nos. 52 & 53, 63. Plaintiff has not sought leave to amend or supplement his opposition or otherwise explained why he has filed the second opposition; accordingly, it will be stricken. Plaintiff is hereby formally cautioned that a litigant proceeding in forma pauperis may suffer

2

restricted access to the court where it is determined that he has filed an excessive number of documents outside the normal schedule for motions. See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).

IT IS HEREBY ORDERED that:

1. Plaintiff's March 20, 2009 request for reconsideration (docket no. 57) is denied;

2. Plaintiff's motions for additional time to conduct discovery (docket nos. 46 & 60) are denied without prejudice;

3. Plaintiff's motion for an order permitting him to take depositions (docket no. 43) is denied without prejudice; and

4. Plaintiff's objections to defendants' answer (docket no. 62) and his second opposition to the motion to dismiss (docket no. 63) are stricken from the record.

DATED: May 5, 2009.

_____
U.S. MAGISTRATE JUDGE

2
lees0196.mots