IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER LEES,

        Plaintiff,                    No. CIV S-08-0196 LKK KJM P

    vs.

T. FELKER, et al.,                  ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In the complaint filed January 28, 2008, he claims that in 2006 defendant Brewer, a correctional lieutenant, directed officers to destroy plaintiff's personal property and to handcuff plaintiff tightly in retaliation for his complaints about his July 2006 placement in what he labels an "illegal program" at High Desert State Prison. Complaint (Compl.), ¶¶ 18-19, 25. He also claims that on August 12, 2006, defendant Priolo assaulted him, again apparently in retaliation for his complaints. Id., ¶ 23. On February 26, 2007, defendants Norman, Passwater and Weeks assaulted plaintiff after he complained about a cell search and made him walk barefoot a quarter of a mile in the snow. Id., ¶ 24. On August 3, 2007, defendants Kirkland and Spears destroyed the medication to control plaintiff's high blood pressure. Id., ¶ 29. On August 3, 2007, defendants Spears and Brewer refused to summon medical assistance for plaintiff. Id.,

1

¶¶ 30-31. On August 3, 2007, defendants Spears, Audette and Bortle kicked and stomped plaintiff. Id., ¶ 33.

Defendants have filed a motion to dismiss based on plaintiff's failure to exhaust administrative remedies, arguing that plaintiff has failed to exhaust administrative remedies except for the claim that defendant Priolo used excessive force against him. Plaintiff has opposed the motion and defendants have filed a reply. In addition, plaintiff has filed a document he calls "Declaration In Support Of Plaintiff Notice Of Motion To Reply Of Opposition To Defendants Motion To Dismiss For Failure To Exhaust Administrative Remedies." He has also filed a request to reinstate a motion to compel discovery.

II. Plaintiff's Filings

On May 5, 2009, this court struck plaintiff's second opposition to the motion to dismiss and warned plaintiff that should he continue to file pleadings outside the briefing schedule prescribed by the Federal Rules and the Local Rules he could be subject to sanctions.

On May 21, plaintiff filed a surreply to defendants' reply, again without seeking leave of the court. When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence. El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003). Defendants' reply addressed the argument contained in and the evidence accompanying plaintiff's opposition; it raised no new theories. Plaintiff's sur-reply therefore will be stricken. Plaintiff again is cautioned that should he continue to file documents outside those prescribed by the rules, he will be subject to sanctions, including restrictions on the number of pleadings he may file in a given time period or dismissal of the action.

III. Standards Regarding The Exhaustion Of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of

confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (§ 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90 (2006). However, an inmate is required to exhaust those remedies that are available; for a remedy to be "available," there must be the "possibility of some relief. . . ." Booth, 532 U.S. at 738.

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial

/////

/////

remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case,. . . . With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

IV.  Plaintiff's Use Of The Grievance Process

Defendants have submitted a declaration from N. Grannis, the Chief of the Inmate Appeals Branch, which is supported by copies of the twenty-five grievances plaintiff submitted to the Director's Level during the relevant time periods. They also have presented a declaration from T. Robertson, the Appeals Coordinator at High Desert State Prison, who provides copies of twelve grievances submitted during the relevant period that were not accepted for review at the Director's Level.

Plaintiff claims that various unspecified grievances were lost or not processed and that the Appeals Coordinator told him that grievances were refused because he was abusing the grievance process. He has provided a number of unidentified exhibits and has failed to explain how they satisfy the exhaustion requirements. Some have nothing to do with the allegations of the complaint. For example, grievance no. 06-2606 concerns a destruction of plaintiff's property, which he discovered on September 30, 2006. Pl.'s Decl. In Supp. Opp'n (Opp'n) at 23-28.[1] In

---

[1] Page references are to those assigned by the court's CM/ECF system.

addition, grievance no. 07-0195 challenges a November 8, 2006 refusal to return some of plaintiff's property. Id. at 40-43.

Plaintiff also has provided a number of Appeals Screening Forms, which show that unidentified grievances have been screened out because plaintiff refused to be interviewed, failed to demonstrate that the issue complained of affected his welfare, had submitted duplicate grievances, had attached too much documentation or submitted grievances too late. Id. at 48-50, 52-57. Plaintiff has not made any attempt to relate these screen-out forms to grievances that presented issues now raised in the complaint. In addition, at least one of the screen-out forms was prepared after the complaint was filed, at CSP-Corcoran, not at HDSP. Id. at 51.

The court has reviewed the exhibits submitted by both sides and finds the following grievances relate to the claims in the complaint.

    A.  <u>Grievance No . 06-1855</u>

This is a grievance and accompanying staff complaint regarding defendant Priolo's alleged use of force against plaintiff on August 12, 2006. Grannis Decl. ¶ 6(4) & Ex. 4.[2] As defendants concede, grievance no. 06-1855 exhausts administrative remedies for plaintiff's claims against defendant Priolo.

    B.  <u>Grievance No. 06-2281</u>

In this grievance, plaintiff complains that Brewer shouted at plaintiff, informed him that his property "was tossed," and told others "go gather his shit up good," all the while threatening plaintiff with physical violence. He continues "Lt. Brewer in essence told, ordered . . .staff to destroy complainant's property." Plaintiff adds that he was tightly handcuffed and shoved against the wall. These actions, he alleges, were "acts of reprisal." This grievance was

---

[2] Another grievance, raising the same issue, was screened out as duplicative. Robertson Decl. ¶ 4(26) & Ex. 26. Plaintiff addressed the use of force again in grievance no. 06-2233, which challenged the results of the rules violation hearing that grew out of the August 12, 2006 incident; this grievance was exhausted at the Director's Level on May 14, 2007. Grannis Decl. ¶ 6(11) & Ex. 11; Opp'n at 5, 9-20. Plaintiff also wrote to the warden about this incident. Opp'n at 71.

1  denied at the Director's Level on May 24, 2007.  Grannis Decl. ¶ 6(8) & Ex. 8; see also

2  Robertson Decl. ¶ 5, Ex. 38; Opp'n at 29-39.

3         Defendants argue this grievance does not exhaust administrative remedies as to

4  the claims against Brewer because the grievance does not claim that Brewer directed the officers

5  to assault plaintiff or allege that the acts were taken in retaliation.

6         Defendants' position is not well taken.  In Jones v. Bock, 549 U.S. 199 (2007), the

7  Supreme Court recognized that "compliance with prison grievance procedures. . . is all that is

8  required by the PLRA to 'properly exhaust.'"  Id. at 922.  It found that the prison's requirements

9  rather than the PLRA "define the boundaries of proper exhaustion." Id. at 923.

10        Nothing in California's regulations and nothing on the grievance form itself

11 requires an inmate to provide the kind of detail defendants say here was required.  Rather, the

12 form simply asks the inmate to "Describe Problem" and to specify "Action Requested."

13        Even if the process required the sort of specificity defendants suggest, plaintiff has

14 satisfied it in the grievance he submitted.  He clearly says the acts were taken in reprisal, which

15 gives notice of the claim of retaliation.

16        Plaintiff's failure to allege that Brewer directed the officers to assault him

17 similarly is not fatal to his claim.  In Irvin v. Zamora, 161 F. Supp. 2d 1125 (S.D. Cal. 2001), the

18 District Court observed:

19 > [p]laintiff's grievances did present the relevant factual
> circumstances giving rise to a potential claim and did request the
20 > identities of the individuals directly responsible for spraying the
> pesticide.  This was sufficient to put prison officials on notice of
21 > possible problems with these individuals.  Plaintiff also requested
> that the prison conduct an investigation of the facts.  As a result,
22 > the facts were investigated and developed, and the prison had an
> opportunity to exercise its discretion or correct any errors as
23 > appropriate under the circumstances. . . .In other words, plaintiff's
> grievances were sufficient under the circumstances to put the
24 > prison on notice of the potential claims and to fulfill the basic
> purposes of the exhaustion requirement.
25

26 Id. at 1134-35.  In this case, plaintiff complained he was assaulted, that Brewer ordered others to

1  destroy his property, and that Brewer acted in reprisal for plaintiff's activities.  This put the
2  prison administration on notice of the broad outline of the claims against Brewer and served to
3  exhaust administrative remedies.

    C. <u>Grievance No. 07-2689</u>

5       In this grievance, plaintiff complains about a number of actions allegedly
6  undertaken by defendant Kirkland, including that when plaintiff left his cell to go to the yard,
7  Kirkland destroyed plaintiff's medication.  Grannis Decl. ¶ 6(21) & Ex. 21.  This grievance is
8  dated July 14, 2007; it was denied at the Director's Level on January 23, 2008.  <u>Id</u>.

9       The complaint alleges that Kirkland destroyed plaintiff's medication on August 3,
10 2007.  The grievance, which discusses a prior incident, does not exhaust plaintiff's remedies as to
11 the destruction of medication alleged in this case.  <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181,
12 1188 (10th Cir. 2004), <u>overruled on other grounds</u>, <u>Jones v. Bock</u>, 549 U.S. 199 (2007).

    D. <u>Grievance No. 07-2751</u>

14      In this grievance, plaintiff alleges that on August 3, 2007, defendants Kirkland
15 and Spears took plaintiff's blood pressure medication and Kirkland destroyed his property; that
16 Spears and Brewer refused to summon medical assistance; and that Spears, Audette and Bortle
17 kicked and stomped him.  Grannis Decl. ¶ 6(23) & Ex. 23.  This grievance was denied at the
18 Director's Level on May 23, 2008.  Because exhaustion was not complete before plaintiff filed
19 his complaint on January 28, 2008, this grievance cannot serve to exhaust administrative
20 remedies as to this incident.  <u>McKinney</u>, 311 F.3d at 1200.

21      The August 3, 2007 incident also was raised in a grievance dated August 5, 2007,
22 which apparently was screened out.  Opp'n at 60-62.  Under title 15 of the California Code of
23 Regulations, section 3084.3(c), a grievance may be rejected for a variety of reasons, including
24 failure to resolve the issue informally, failure to attach necessary documentation, untimeliness,
25 duplication, or for abuse of the appeals system.  That an appeal was screened out suggests it did
26 /////

not comply with the system's procedural rules. <u>Woodford</u>, 548 U.S. at 90. The August 5th grievance therefore also cannot serve to exhaust plaintiff's remedies.

Plaintiff also complained about the August 3rd incident in a letter to the warden, dated August 25, 2007. Opp'n at 72-73. Nothing in the regulations suggests that a letter to the warden is an alternative method for exhausting administrative remedies. <u>Panaro v. City Of North Las Vegas</u>, 432 F.3d 949, 954 (9th Cir. 2005) (participation in internal affairs investigation did not exhaust); <u>Macias v. Zenk</u>, 495 F.3d 37, 44 (2d Cir. 2007) (informal complaints did not exhaust); <u>Singh v. Goord</u>, 520 F.Supp.2d 487, 495 (S.D.N.Y. 2007) (letter to warden did not exhaust).

E.  <u>Grievance No. 07-0980</u>

This grievance describes the alleged physical assault by defendants Norman, Passwater and Weeks on February 26, 2007, after plaintiff complained about the search of his cell. Robertson Decl. ¶ 4(30) & Ex. 30. Although Robertson avers this grievance was partially granted at the first level, defendants do not provide any documents showing what relief was granted and what was denied.

In <u>Booth</u>, the Supreme Court recognized that for a remedy to be "available," there must be the "possibility of some relief. . . ." 532 U.S. at 738. Relying on <u>Booth</u>, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

<u>Brown v. Valoff</u>, 422 F.3d 926, 935 (9th Cir. 2005). In <u>Brown</u>, the inmate filed a grievance claiming that Valoff had used pepper spray against him. The grievance was denied at the first level, but the second level decision was "partially granted" because the incident was referred to the Office of Internal Affairs for a staff misconduct investigation. <u>Id</u>. at 931. The second level

/////

decision also informed Brown that monetary compensation was "beyond the scope of the appeals process." Brown did not seek a Director's Level review.

The Ninth Circuit found that Brown had exhausted all available remedies even though he did not seek a Director's Level determination; after Brown's appeal was "partially granted" at the second level and he was informed that he would not learn if any disciplinary action against Valoff was determined to be necessary, no further remedies were available. The court said:

> We conclude, as have . . . other circuits, that a prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> Once there is no further possibility that corrective action will be taken in response to an inmates' grievance, there is no hope that the inmate might be satisfied by relief other than that requested.

Id. at 935 (internal citation, quotation omitted).

In this case, as noted, defendants have not provided a copy of the first level decision showing what relief was granted and what information was provided to plaintiff about whether further relief remained available, or whether any of his requests were beyond the scope of the appeals process. Accordingly, they have not borne their burden of showing that further administrative remedies were available.

Another grievance challenged the events of February 26, 2007, but apparently was rejected as duplicative. Opp'n at 56, 64-66.[3] Because the court has determined that defendants have not borne their burden of showing that administrative remedies remained available, the court need not explore whether this later grievance served to exhaust.

---

[3] In addition, plaintiff wrote a letter about this incident directly to the warden. Opp'n at 70.

IV. <u>Motion To Reinstate Motion To Compel</u>

On April 20, 2009, plaintiff filed a request to reinstate a motion to compel. However, in a ruling on other discovery requests, the court declined to consider discovery motions until the motion to dismiss addressed by these findings and recommendations is resolved.

IT IS THEREFORE ORDERED that:

1. Plaintiff's sur-reply (doc. no. 69) is stricken;

2. Plaintiff's request to reinstate a motion to compel (doc. no. 66) is denied without prejudice; and

3. The trial date of November 10, 2009 is hereby vacated and trial is reset for March 30, 2010 at 10:30 a.m. before the Honorable Lawrence K. Karlton. Plaintiff's pretrial statement and any motions to obtain the presence of witnesses are due no later than October 1, 2009. Defendants' pretrial statement is due by October 15, 2009. The pretrial conference on the papers will be conducted on January 25, 2010 at 11:15 a.m.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (docket no. 49) be:

1. Granted as to defendants Kirkland, Spears, Audette and Bortle;

2. Granted as to Brewer to the extent the complaint alleges that Brewer refused to summon medical assistance on August 3, 2007; and

3. Otherwise denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2009.

_____
U.S. MAGISTRATE JUDGE

2/lees0196.mtd