IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER LEES,

        Plaintiff,                      No. CIV S-08-196 KJM P

    vs.

T. FELKER, et al.,

        Defendants.              ORDER

                                  /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction. Defendants have filed a renewed motion to dismiss for failure to exhaust administrative remedies.

I. Background

        In the complaint filed January 28, 2008, plaintiff claims that in 2006 defendant Brewer, a correctional lieutenant, directed officers to destroy plaintiff's personal property and to handcuff plaintiff tightly in retaliation for his complaints about his July 2006 placement in what he labels an "illegal program" at High Desert State Prison. Complaint (Compl.) ¶¶ 18-19, 25. He also claims that on August 12, 2006, defendant Priolo assaulted him, again apparently in retaliation for his complaints. Id. ¶ 23. On February 26, 2007, defendants Norman, Passwater and Weeks assaulted plaintiff after he complained about a cell search and made him walk

1

barefoot a quarter of a mile in the snow. Id. ¶ 24. On August 3, 2007, defendants Kirkland and Spears destroyed the medication to control plaintiff's high blood pressure. Id. ¶ 29. On August 3, 2007, defendants Spears and Brewer refused to summon medical assistance for plaintiff. Id. ¶¶ 30-31. On August 3, 2007, defendants Spears, Audette and Bortle kicked and stomped plaintiff. Id. ¶ 33. As part of his requested relief, he asks the court to issue an order directing defendants Weeks, Passwater and Norman to stay 400 yards away from him, a transfer to CMF, and damages. Id. at 17-18.[1]

On February 20, 2009, defendants filed a motion to dismiss based on plaintiff's failure to exhaust administrative remedies, arguing that plaintiff has failed to exhaust administrative remedies except for the claim that defendant Priolo used excessive force against him. On September 30, 2009, this court granted defendants' motion to dismiss for failure to exhaust administrative remedies as to Kirkland, Spears, Audette and Bortle, and also as to Brewer to the extent the complaint alleges he refused to summon medical assistance on August 3, 2007, but otherwise denied the motion without prejudice.

Defendants Norman, Passwaters and Weeks have filed a renewed motion to dismiss, again based on a claim that plaintiff has failed to exhaust administrative remedies; plaintiff has filed a motion for the appointment of counsel.

II. The Exhaustion Of Administrative Remedies Under The PLRA

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200

---

[1] Page references are to those assigned by the court's CM/ECF system.

(2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (§ 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . .," Woodford v. Ngo, 548 U.S. 81, 90 (2006). An inmate is required to exhaust those remedies that are available; for a remedy to be "available," there must be the "possibility of some relief. . . ." Booth, 532 U.S. at 738.

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at

/////
/////
/////
/////

1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process.  Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case,. . . .  With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

II.  Plaintiff's Use Of The Grievance Process

In its prior findings and recommendations, this court recognized that grievance no. HDSP-07-0980 sought review of the incident of February 26, 2007, involving defendants Norman, Passwater and Weeks.  In that grievance, plaintiff described the retaliatory animus behind the physical indignities that the three defendants allegedly inflicted upon him.  He mentioned, but did not focus on, the destruction of his personal and legal property during the cell search.  In the "action requested" portion of the form, plaintiff asked for an immediate transfer and an investigation, temporary suspension and federal prosecution of the three officers involved in the cell search, assault and escort through the snow.  Second Motion To Dismiss (MTD-2), Declaration of T. Robertson dated October 27, 2009 (2d Robertson Decl.) ¶ 3 & Docket No. 84-3 at 5-8.  Plaintiff asked that the grievance be treated as an emergency.  Docket No. 84-3 at 5.  On March 2, 2007, the Appeals Coordinator issued a "Notification Of Rejection of Emergency Appeal" and assigned the grievance for First Level Review; the informal level was bypassed. Docket No. 84-3 at 14.

The first level review was completed on April 27, 2007, and on the first page, under the heading "Determination of Issue," the box was checked denoting that the grievance

4

was "processed as a staff complaint appeal inquiry." It noted:

> Your appeal is PARTIALLY GRANTED at the . . . First level . . ., as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.
>
> Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Docket No. 84-3 at 17. Plaintiff did not seek further administrative review of this grievance. Declaration of N. Grannis (Grannis Decl.).

Plaintiff submitted another grievance, however, dated March 2, 2007, which he denominated a "supplemental to emergency appeal of 2/27/07 property portion." Docket No. 84-3 at 9. In the body of the grievance, he wrote "this is a supplemental-separation of issues appeal . . ." and described the defendants' alleged conspiracy to destroy his property. In the "action requested" portion of the grievance form, plaintiff asked for the replacement of "all lost and damaged -items food-stuffs-replaced -To have - legal -consultant acess damage. . . ." [reproduced as in original]. On the continuation page, he detailed the property he alleged had been destroyed or damaged or removed. Docket No. 84-3 at 9-11. This grievance was apparently screened out as duplicative of HDSP-07-0980. See Docket No. 52 at 56.[2]

---

[2] Plaintiff has filed additional documents supporting his claim that he attempted to utilize the grievance process before filing suit. In support of his opposition to the pending motion, he has provided a copy of a grievance, labeled "To C/O Norman, 1 of 3 copies," dated March 2, 2007. It includes a somewhat abbreviated version of the allegations in HDSP-07-0980. Defendant Norman denied it at the informal level on March 23, 2007. Opposition (Docket No. 85) (Opp'n) at 9-12. It does not appear that plaintiff pursued this grievance beyond the informal level; it is not mentioned in Robertson's original declaration, which listed those grievances

1    In addition, according to Robertson, plaintiff submitted a grievance on March 16,
2    2007, but it also was screened out on March 19, 2007 as a duplicate to HDSP-07-0980. 2d
3    Robertson Decl. ¶ 7; Docket No. 52 at 57.  Plaintiff has not provided a copy of that grievance.
4    In <u>Booth</u>, the Supreme Court recognized that for a remedy to be "available," there
5    must be the "possibility of some relief. . . ." 532 U.S. at 738.  Relying on <u>Booth</u>, the Ninth
6    Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review
> once he has received all "available" remedies at an intermediate
> level of review or has been reliably informed by an administrator
> that no remedies are available.

<u>Brown</u>, 422 F.3d at 935.  In <u>Brown</u>, the inmate filed a grievance claiming that Valoff had used pepper spray against him.  The grievance was denied at the first level, but the second level decision was "partially granted" because the incident was referred to the Office of Internal Affairs for a staff misconduct investigation.  <u>Id</u>. at 931.  Brown did not seek a Director's Level review.

The Ninth Circuit found that Brown had exhausted all available remedies even though he did not seek a Director's Level determination; after Brown's appeal was "partially granted" at the second level and he was informed he would not learn if any disciplinary action against Valoff was determined to be necessary, no further remedies were available.  The court relied in part on the CDCR Administrative Bulletin's definition of the "partially granted"

/////
/////
/////

---

accepted for review at the first or second levels, or in Grannis's declaration, which lists those grievances pursued to the Director's Level.  First Declaration of T. Robertson (1st Robertson Decl.) ¶ 4; Grannis Decl. ¶ 6.  The court takes judicial notice of the record on defendant's first motion to the extent it clarifies the record relevant to the second, pending motion.

1  determination of an appeal:

2  > Whether an appeal directed to the staff complaint procedure is
   > given a "granted" or "partially granted" response depends not on
3  > whether there remains some possibility of obtaining relief through
   > the appeals process, but on "the action requested by appellant."

4

5  Id. at 939; Brady v. Attygala, 196 F.Supp.2d 1016 (C.D. Cal. 2002). The Ninth Circuit also

6  described the forms of relief that might be subsumed in the staff complaint system:

7  > It is clear, for example, from the Department's general directives
   > and from its responses in this case, that only *after* the staff
8  > misconduct investigation, through which Brown's allegations were
   > considered, would the Department of Corrections have determined
9  > whether Valoff's transfer to another institution was appropriate.
   > Those documents emphasize that *all* investigations into staff
10 > misconduct are to take place through the staff complaint process;
   > that the choice of relief in the event a complaint is sustained is up
11 > to the Department; and that the results of the staff complaint
   > process are confidential. For similar reasons, any transfer of
12 > Brown because of Valoff's behavior would depend on sustaining
   > the complaints about that behavior and thus could not come
13 > through the appeals process.

14  Brown, 422 F.3d at 940.

15  Defendants argue, in essence, that Brown is not applicable because the first level

16  determination advised plaintiff that "allegations of staff misconduct do not limit or restrict the

17  availability of further relief via the appeals process" and that plaintiff should pursue

18  administrative remedies in order to exhaust the grievance. Docket No. 84-3 at 17. They do not,

19  however, point the court to what might remain available despite the Brown court's explication of

20  the disruption that a staff misconduct complaint causes in the regular grievance system.

21  In Foster v. Verkouteren, 2009 WL 2485369, at *4 (S.D. Cal.), the plaintiff had

22  filed a grievance, complaining that defendant had assaulted him. As in this case, the grievance

23  was treated as a staff complaint, but as in this case again, the plaintiff was advised to pursue his

24  grievance through additional levels of review. Also as in this case, defendant argued that

25  plaintiff's failure to do so meant he had not exhausted his administrative remedies. Id. at 5.

26  /////

The court rejected the claim:

> [T]he advisement appears to be standard language and not a clear indication that further relief was available to Plaintiff.

Id. While the information defendants point to is pertinent, as it was in Foster, it does not answer the question of what relief was available to plaintiff in light of the Brown court's explanation of the staff complaint system. As in this case, defendants did not bear their burden of demonstrating, through statutes, regulations or administrative materials what remained available or why Brown does not control the resolution of this case.

That plaintiff had no further remedies available is further suggested by the fact that his attempt to file a supplemental grievance, dealing only with the destruction of his property on February 26, 2007, was screened out as duplicative. Had remedies remained available for any aspect of his treatment on that day, one assumes that his second and perhaps third grievances about the subject would not have been screened out as duplicative. The screening-out action, however, told plaintiff that no further remedies were available for him to pursue his claims from the incident. See Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Harvey v. Jordan, ___ F.3d ___, 2010 WL 1903994 (9th Cir.). Defendants have not borne their burden in this case.

IV.   Motions For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

/////

V.  Motion For Injunctive Relief

Although he claims he is seeking injunctive relief, plaintiff actually is asking for discovery of the results of an investigation of the prisons by Senate President Pro Tem Darrell Steinberg and by prisoner advocacy groups. The court cannot grant injunctive relief against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). In addition, civil discovery procedures apply for the most part only to parties to an action.

VI.  Referral To Settlement

Plaintiff requests referral to settlement. The court will refer this case to its ADR Coordinator for evaluation and the scheduling of a settlement conference.

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss (docket no. 84) is denied;

2. Plaintiff's motions for the appointment of counsel (docket nos. 87 & 91) are denied;

3. Plaintiff's motion for injunctive relief/discovery (docket no. 89) is denied; and

4. Plaintiff's motion for a referral for settlement (docket no. 90) is granted. This case is referred to the court's ADR Coordinator, Sujean Park, for the scheduling of a settlement conference, to be convened as determined by Ms. Park.

DATED: June 8, 2010.

_____
U.S. MAGISTRATE JUDGE

2 lees0196.mtd(2)