IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEES, | Case No. 2:08-CV-0196-KJM |
| Plaintiff, | ORDER |
| vs. | |
| T. FELKER, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. A mediation occurred on August 10, 2010.  The case did not settle and the parties agreed to continue the mediation to another date.  The continued mediation session is set for November 9, 2010, at 9:00 a.m. and will be referred to Michael Colatrella.

   Plaintiff will be required to appear by video conference from his current place of confinement.  A separate order and writ of habeas corpus ad testificandum will issue with this order.

   In accordance with the above,  IT IS HEREBY ORDERED that:

   1. This case is set for an additional mediation conference on November 9, 2010, at 9:00 a.m. in Courtroom #1, at the U. S. District Court, 501 I Street, Sacramento, CA 95814.

   2. Plaintiff shall personally attend, via video conference.

1

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. Sanctions will include, but will not be limited to, the attorney fees and travel costs of the other parties and/or the mediator. In addition, the conference will not proceed and will be reset to another date.

DATED: September 29, 2010.

_____
U.S. MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

2