IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER LEES,

     Plaintiff,                      No. S-08-0196 CKD P

    vs.

BREWER, et al.,

     Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This order, filed concurrently with an order requiring status reports from the parties, addresses three pending motions by plaintiff.

        To recap the proceedings to date: This case proceeds on the original complaint filed in January 2008. (Dkt. No. 1.) Service was ordered on nine named defendants. (Dkt. No. 11.) All filed answers to the complaint. (Dkt. Nos. 25, 40, 48.) Defendants then filed a motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 49), which was granted as to Kirkland, Spears, Audette, and Bortle, and granted in part as to Brewer. (Dkt. No. 79.) The remaining defendants filed a renewed motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 84), which was denied. (Dkt. No. 92.) At plaintiff's request, the case

1

proceeded to settlement mediation in November 2010, which proved unsuccessful. (Dkt. Nos. 92, 102.) On November 17, 2010, plaintiff filed a first amended complaint. (Dkt. No. 104.) On August 3, 2011, this case was transferred to the undersigned. (Dkt. No. 111.) No scheduling order is currently in place. (See Dkt. No. 74.)

I. The First Amended Complaint

As a preliminary matter, the court addresses the fact that soon after settlement talks failed, and nearly three years after initiating this action, plaintiff filed a first amended complaint. (Dkt. No. 104.) The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave where justice so requires." Id.; see also E.D. Local Rule 220. Although the allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Here, plaintiff has not met the deadlines for filing an amended complaint as a matter of course, nor has he secured the opposing parties' written consent. Having reviewed the amended pleading, the court concludes that justice does not require leave to amend in this instance. Thus, the action will continue to proceed on the original complaint.

II. Motion for Review

On December 16, 2010, plaintiff filed a "motion for review" essentially requesting that the court sanction defendants for not entering into settlement talks in good faith. (Dkt. No. 106.) Plaintiff claims that the parties did not appear at the November 9, 2010 mediation session, but that he "may have glimpsed" defendants' attorney. (Id.) The order setting the case for

1  mediation required that "[d]efendants' lead counsel and a person with full and unlimited
2  authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in
3  person." (Dkt. No. 98 at 2.)  As this was a confidential settlement conference, no minutes of the
4  November 9, 2010 proceedings were taken, so the court is unable to determine from the docket
5  who attended on defendants' behalf.  See E.D. Local Rule 270.  Accordingly, the court will order
6  defendants to address plaintiff's claim in their status report (see Order filed concurrently
7  herewith), and hold the motion in abeyance until such time as defendants have responded.

8  III.  Motion for Injunctive Relief

9  In this motion, plaintiff alleges that in July 2010, a Dr. Bright at High Desert State
10 Prison rescinded plaintiff's previously-issued chronos providing certain accommodations in light
11 of plaintiff's chronic pain and nerve damage.   The "comprehensive accommodation chrono"
12 included provisions that plaintiff would not be placed in wrist chains or required to "prone out."
13 (Dkt. No. 109 at 1, 17-18.)  Plaintiff seeks to "have all former comprehensive accommodation
14 chrono(s) reinstated."  (Id. at 2.)

15 Notably, plaintiff has not alleged the involvement of any defendant  in this action,
16 but appears to seek injunctive relief against individuals who are not parties to this action.  This
17 court is unable to issue an order against individuals who are not parties to a suit pending before
18 it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Accordingly,
19 plaintiff's motion for injunctive relief will be denied.

20 IV.  Motion to Appoint Counsel

21 On May 25, 2011, plaintiff filed a motion to appoint counsel.  He alleges that he
22 lacks access to the law library and needs an attorney for "copier, papers, ink pen, access to
23 court."  The United States Supreme Court has ruled that district courts lack authority to require
24 counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,
25 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the
26 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

1 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 16, 2010 motion for review (Dkt. No. 106) is held in abeyance pending defendants' submission of a status report addressing, in part, whether defendants' lead attorney and a person with settlement authority attended the November 2010 settlement conference in person.

2. Plaintiff's February 7, 2011 motion for injunctive relief (Dkt. No. 109) is denied.

3. Plaintiff's May 25, 2011 motion to appoint counsel (Dkt. No. 110) is denied.

Dated: August 29, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
lees0196.ord