IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER LEES,

    Plaintiff,                                No. CIV S-08-0196 CKD P

    vs.

BREWER, et al.,                            ORDER

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on the original complaint filed in January 2008 (See Dkt. No. 112 for summary of proceedings to date) and all parties have consented to this court's jurisdiction. Pending before the court is plaintiff's December 16, 2010 motion for review, in which plaintiff claimed that defendants did not enter into settlement talks in November 2010 in good faith. (Dkt. No. 106.) Plaintiff claims that no defendant attended the November 9, 2010 settlement conference as required by the previously assigned magistrate judge's order of September 29, 2010, which stated: "Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement conference on defendants' behalf shall attend in person." (Dkt. No. 98 at 2.)

////

1  On August 29, 2011, this court ordered defendants to respond to plaintiff's
2 motion. (Dkt. No. 112.) Defendants filed their response on December 1, 2011. (Dkt. No. 124.)
3 Defendants state that their

> counsel, supervising attorney, and staff counsel were present at the first mediation held on August 10, 2010. At the second mediation [on November 9, 2010], defense counsel was present, and staff counsel was *either* physically present at the mediation, *or* available by phone for any questions that arose during the mediation, and staff counsel was available to come to the courthouse is needed.

(Id. at 1-2 (italics added).)  Elsewhere defendants state that,"[a]lthough CDCR counsel *was not present* at the courthouse, the attorney was available by phone, and was able to come to the courthouse if needed."  (Id. at 2 (italics added).)  This statement is based on an attached declaration by Deputy Attorney General William Brodbeck, who states that he "do[es] not recall" whether staff counsel was present at the November 9, 2010 mediation, but even if not, staff counsel was available by telephone and/or could come to the courthouse "if needed."  (Dkt. Nos. 124, 124-1.)  From these statements, the court assumes that staff counsel for CDCR did not attend the November 9, 2010 mediation.

Despite this, defendants maintain that they entered into settlement talks in good faith and should not be sanctioned as plaintiff's motion requests.  While it is undoubtedly more convenient for defendants to have a CDCR representative "available by phone" or able to drive to the courthouse on short notice should his or her presence be requested by the mediator, this is no substitute for the representative's physical presence for the entire mediation, as ordered.  See Pittman v. Brinker Int'l, Inc., 216 F.R.D. 481, 486 (D. Ariz. 2003) ("For settlement conferences to be productive and worthwhile, [defense counsel] acknowledges that which the Court has learned long ago, settlement negotiations must take place in the physical presence of the parties and qualified representatives from both sides.").  Nonetheless, although the court is concerned

\\\\

\\\\

about defendants' actions in this matter, and cautions that any similar behavior in the future may well result in sanctions, the court declines to impose sanctions at this time.[1]

The court also declines to adopt plaintiff's suggestions that defendants be ordered "back to [the] table in compliance with court order" (Dkt. No. 106 at 1) and/or that this action be "stayed" so that he may seek pro bono counsel to prepare for trial. (Dkt. No. 122.) Given the posture of this case, the court finds that the interests of justice would be best served by proceeding to dispositive motions and foregoing another round of settlement talks until any such motions are resolved.[2] As to plaintiff's pending motion to stay, plaintiff is advised that there is no mechanism for "staying" a section 1983 action, as compared to the "stay and abeyance option" available in habeas corpus actions. See Kilgore v. Mandeville, 2011 WL 4048406 at *2 (E.D. Cal. 2011) (same), citing Rhines v. Weber, 544 U.S. 269 (2005). Thus, the court will deny plaintiff's request to stay this case. By a concurrently filed order, this court will set the pretrial motion deadline for February 17, 2012.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's December 16, 2010 motion for review (Dkt. No. 106) is denied;

2. Plaintiff's November 30, 2011 motion to stay (Dkt. No. 122) is denied; and

////
////
////
////

---

[1] The court is mindful of the fact that the mediator did not bring this to the court's attention, which suggests that he did not perceive that CDCR's failure to attend in person was necessarily responsible for the failed settlement negotiations.

[2] In response to this court's August 29, 2011 order directing both parties to file status reports (Dkt. No. 113), defendants have filed a report stating that they anticipate filing a summary judgment motion based on discovery conducted to date. (Dkt. No. 119.) Plaintiff has not filed a status report, despite the court's grant of an extension of time to do so. (Dkt. No. 115.)

3

3. Defendants' December 1, 2011 motion to file a response to the court's order beyond time (Dkt. No. 123) is granted.

Dated: December 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lees0196.ord